# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

United States Court of Appeals
Fifth Circuit

**F I L E D**

July 21, 2010

No. 09-41009
Summary Calendar

Lyle W. Cayce
Clerk

UNITED STATES OF AMERICA,

Plaintiff-Appellee

v.

VICTOR ALEJO-HERNANDEZ,

Defendant-Appellant

- - - - - - - - - - - - - - - - - - - - - - -

consolidated with:

No. 09-41023
Summary Calendar

UNITED STATES OF AMERICA,

Plaintiff-Appellee

v.

VICTOR ALEJO-HERNANDEZ,

Defendant-Appellant

No. 09-41009
c/w No. 09-41023

---

Appeals from the United States District Court
for the Southern District of Texas
USDC No. 2:09-CR-501-1
USDC No. 2:09-CR-738-1

---

Before JOLLY, WIENER, and ELROD, Circuit Judges.

PER CURIAM:[*]

Victor Alejo-Hernandez (Alejo) appeals following his guilty-plea conviction of, and sentence for, illegal reentry and the concomitant revocation of his supervised release related to a prior conviction for illegal reentry. Alejo was sentenced to 93 months of imprisonment and three years of supervised release for the most recent illegal reentry conviction and a consecutive 24-month term of imprisonment for violating his supervised release. Alejo argues that the district court failed to adequately explain why it rejected his arguments for a lower sentence and credit for acceptance of responsibility and why it imposed the statutory maximum sentence for the supervised release violation. Alejo also argues that the 117-month total sentence was greater than necessary to achieve the sentencing goals of 18 U.S.C. § 3553(a).

Sentences are reviewed for reasonableness under an abuse-of-discretion standard. *United States v. Gall*, 552 U.S. 38, 51 (2007). First, we must ensure that the district court did not procedurally err by "failing to adequately explain the chosen sentence." *Id.* If the sentence is procedurally sound, we then review the substantive reasonableness of the sentence. *Id.* A presumption of reasonableness applies to a within-guidelines sentence. *United States v. Campos-Maldonado*, 531 F.3d 337, 338 (5th Cir. 2008). We review revocation

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

sentences under "(a) both the 'plainly unreasonable' and the *Booker* unreasonableness standards of review . . . [and] (b) the more exacting *Booker* unreasonableness standard." *United States v. McKinney*, 520 F.3d 435, 428 (5th Cir. 2008).

Because Alejo did not object to the adequacy of the district court's explanation for either sentence, his claims of procedural error are subject to plain error review. *See United States v. Mondragon-Santiago*, 564 F.3d 357, 361 (5th Cir.), *cert. denied*, 130 S. Ct. 192 (2009). Both sentences were within the guidelines ranges, and Alejo fails to show how an adequate explanation would have changed either sentence. Therefore, he has failed to show that the error, if any, affected his substantial rights. *See id.*

Alejo has also not shown that the district court committed error, plain or otherwise, by imposing a substantively unreasonable sentence. *See Gall*, 552 U.S. at 51. The record in this case provides sufficient justification for the district court's implicit determination that a 93-month sentence was necessary to afford adequate deterrence to criminal conduct and to protect the public from Alejo's future crimes. *See* § 3553(a)(2)(B), (C).

To the extent that Alejo argues that the 24-month revocation sentence magnifies the unreasonableness of his 93-month sentence, a revocation sentence based on a separate conviction has no bearing on the reasonableness of the sentence imposed for the most recent conviction. *See United States v. Lopez-Velasquez*, 526 F.3d 804, 808-09 (5th Cir. 2008). The 24-month revocation sentence was within the guidelines range and statutory maximum, and the consecutive nature of the sentence is expressly authorized by the Guidelines. *See* § 3583(e)(3); U.S.S.G. §§ 7B1.4(a), 7B1.3(f).

As Alejo acknowledges, his arguments that the presumption of reasonableness should not apply because U.S.S.G. § 2L1.2 is not empirically-based and that he can satisfy the third and fourth prongs of the

plain error test without showing any effect on the length of his sentence are foreclosed by *Mondragon-Santiago*, 564 F.3d at 361, 365-67.

The judgments of the district court are AFFIRMED.